UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDREW GILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  22-2981 (UNA) |
| | ) | |
| | ) | |
| JOSEPH STERNLIB *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

FILED
10/24/2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## **MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a 13-page screed captioned Complaint, ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Plaintiff's prolix narrative covering a wide range of topics states no viable claim and is largely incomprehensible. Consequently, the complaint and this case will be dismissed by separate order.

Date: October 24, 2022

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge